UNITED STATES DISTRICT COURT **13 CIV 1513**
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROSA MENDEZ,

Plaintiff,



**COMPLAINT**

**JURY TRIAL
DEMANDED**

-against-

THE CITY OF NEW YORK, and POLICE OFFICER ROBERT
CIEKIELSKI, Shield 09746 in his Individual Capacity and
CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN
in his Individual Capacity and POLICE OFFICERS JOHN DOE 1
through 6 in their individual capacities whose true identities are
unknown and, POLICE OFFICER WENDY FLORES-JAY in her
individual capacity and, POLICE OFFICER MARY ROE in her
individual capacity whose true identity is unknown,

Defendants

-------------------------------------------------------------------X

Plaintiff, ROSA MENDEZ, by her attorney, PAUL THOMAS LAYTON
alleges the following, upon information and belief, as his Complaint:

## NATURE OF THE ACTION

1.    This civil rights action arises from the defendant Police Officers' unlawful
arrest and the use of excessive force including, but not limited, to the use of a mace
or "pepper spray" chemical agent while the plaintiff was holding her infant
grandchild; the plaintiff was wrongfully imprisoned on false charges; plaintiff was
maliciously prosecuted, the charges against the plaintiff were dismissed in her favor,
approximately one year after she was arrested.

1

2.      Plaintiff seeks compensatory and punitive damages for violation of plaintiff's civil rights pursuant to 42 U.S.C. Sections 1981, 1982, 1985 and 1986 and an award of costs, disbursements and attorney fees under 42 U.S.C. Sec. 1988. Plaintiff also seeks compensatory and punitive damages under State law tort claims against all the defendants named herein.

## JURISDICTION and VENUE

3.      This action is predicated upon violations of plaintiff's civil rights protected under the United States Constitution inclusive of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and actionable pursuant to 42 U.S.C. Sections 1981, 1983, 1985 and 1986. This Court has pendant jurisdiction over the State law tort claims. Venue is properly laid in the Southern District of New York under 28 U.S.C. 1391(b) in that it is the District where the claim arose.

4.      Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343

## JURY DEMAND

5.      Plaintiff respectfully demands a jury by trial of all issues in the mater pursuant to Fed. R. Civ. P. 38(b).

## CONDITIONS PRECEDENT

6.      Plaintiff has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences giving rise to this lawsuit.

7.      That more than thirty (30) days have elapsed since the service of said Notices of Claim and that said claim remains unadjusted and that the defendant has wholly refused, failed and neglected to make any adjustment of same.

2

## PARTIES

8.    Plaintiff ROSA MENDEZ was and continues to be a resident of the State of New York, County of New York.

9.    Defendant, the CITY OF NEW YORK is a municipal corporation duly authorized and existing under and by virtue of the laws of the State of New York.

10.    Defendant, the CITY OF NEW YORK, has established and maintains a police department which is an agency of the defendant, CITY OF NEW YORK.

11.    At all times relevant, defendant the CITY OF NEW YORK employed the individual defendant POLICE OFFICER ROBERT CIEKIELSKI, Shield 09746.

12.    At all times relevant, defendant CITY OF NEW YORK employed the defendant POLICE OFFICER ROBERT CIEKIELSKI, Shield 09746 out of Housing Borough of Manhattan Impact Response Team.

13.    At all times relevant, POLICE OFFICER ROBERT CIEKIELSKI, Shield 09746 was a duly appointed and acting police officer of the CITY OF NEW YORK.

14.    At all times relevant, defendant POLICE OFFICER ROBERT CIEKIELSKI, Shield 09746 was acting under the color of State Law.

15.    At all times relevant, defendant POLICE OFFICER ROBERT CIEKIELSKI, Shield 09746 was acting both in his individual and official capacity as an employee of defendant CITY OF NEW YORK.

16.    At all times relevant, defendant the CITY OF NEW YORK employed the individual defendant POLICE OFFICER WENDY FLORES-JAY.

3

17.    At all times relevant, defendant CITY OF NEW YORK employed the defendant POLICE OFFICER WENDY FLORES-JAY out of Housing Borough of Manhattan Impact Response Team.

18.    At all times relevant, POLICE OFFICER WENDY FLORES-JAY was a duly appointed and acting police officer of the CITY OF NEW YORK.

19.    At all times relevant, defendant POLICE OFFICER WENDY FLORES-JAY, was acting under the color of State Law.

20.    At all times relevant, defendant POLICE OFFICER WENDY FLORES-JAY was acting both in her individual and official capacity as an employee of defendant CITY OF NEW YORK.

21.    At all times relevant, defendant the CITY OF NEW YORK employed the individual defendant CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN.

22.    At all times relevant, defendant the CITY OF NEW YORK employed the individual defendant CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN.

23.    At all times relevant, CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN was a duly appointed and acting police officer of the CITY OF NEW YORK.

24.    At all times relevant, defendant CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN was acting under the color of State Law.

25.    At all times relevant, defendant CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN, was acting both in his individual and official capacity as an

employee of defendant CITY OF NEW YORK. At all times relevant, defendant the CITY OF NEW YORK employed the individual defendant CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN.

26.    At all times relevant, defendant the CITY OF NEW YORK employed the individual defendants POLICE OFFICERS JOHN DOE 1 through 6 and POLICE OFFICER MARY ROE.

27.    At all times relevant, POLICE OFFICERS JOHN DOE 1 through 6 and POLICE OFFICERS MARY ROE were duly appointed and acting police officers of the CITY OF NEW YORK.

28.    At all times relevant, defendant POLICE OFFICERS JOHN DOE 1 through 6 and POLICE OFFICER MARY ROE were acting under the color of State Law.

29.    At all times relevant, defendants POLICE OFFICERS JOHN DOE 1 through 6 and POLICE OFFICERS MARY ROE, were acting both in their Individual and official capacities as employees of Defendant CITY OF NEW YORK.

30.    Notwithstanding the unconstitutional and unlawful conduct, the actions of the individual defendants were taken in the course of their duties and were incidental to their otherwise lawful functions as agents, servants and employees of the CITY OF NEW YORK.

## FACTUAL AVERMENTS

31. On or about June 20, 2011, plaintiff ROSA MENDEZ was caring for her five (5) year old infant grandson, ████████ QUINOZ at her residence 159-30 Harlem River Drive.

5

32. On or about June 20, 2011, plaintiff went with her grandson to a park in the vicinity of 159-26 Harlem River Drive where her grandson began to play basketball with a young man who appeared to be a teenager; a female police officer approached with a woman and as they approached the park the teenager ran away and entered building number "48"; ███ QUINOZ followed the teenager by running after him; plaintiff yelled her grandson's name so that her grandson would come back to her; plaintiff's grandson returned to the plaintiff and the plaintiff and her grandson left the park and began to walk back to her residence 159-30 Harlem River Drive.

33. As plaintiff, ROSA MENDEZ walked with her five year old grandson, she was stopped by defendant POLICE OFFICER ROBERT CIEKIELSKI, Shield 09746 who asked her "Who's ███?" The plaintiff informed defendant CIEKIELSKI that her grandson was ███ and in response defendant called her "a fucking liar."

34. Defendant CIEKIELSKI ordered plaintiff to produce identification and told plaintiff that she was "going in" while pushing his index finger into her forehead and again called the plaintiff a "fucking liar."

35. Plaintiff told defendant CIEKIELSKI that his conduct was not professional at which time the defendant was once again subjected to the officer putting his finger to her face.

36. Defendant CIEKIELSKI ordered the plaintiff to turn around and the defendant forced plaintiff's right hand behind her back while she continued to hold her infant grandson with her left hand; defendant CIEKIELSKI placed a handcuff on

6

the plaintiff's right wrist while plaintiff's grandson screamed in fear about what defendant CIEKIELSKI was doing to his grandmother.

37. Defendant CIEKIELSKI called for backup officers and two police vans arrived on the scene; 3 uniformed police officers and the defendant CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN exited one of the vans.

38. Police Officers whose names and shield numbers are currently unknown approached the plaintiff; while plaintiff was being held by Defendant CIEKIELSKI , POLICE OFFICER WENDY FLORES-JAY approached the plaintiff and  punched plaintiff in her left side in the presence of plaintiff's grandson and in the presence of other Police Officers who did not intervene to prevent the assault or take action against Defendant  POLICE OFFICER WENDY FLORES-JAY.

39. Despite the pleas of neighbors to the Police Officers who were assaulting the plaintiff to leave her alone because she had not done anything wrong and had not committed any crimes the Police Officers continued to assault plaintiff without investigating the neighbors comments to determine the truth of the neighbors information.

40. Defendant CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN, an overweight white male with a moustache and dirty blonde hair wearing a white shirt, approached plaintiff while she was being held by defendant CIEKIELSKI.

41. Defendant CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN sprayed plaintiff with MACE or pepper spray while she held onto her grandson.

7

42. Plaintiff's daughter, the mother of the infant █████████QUINOZ arrived and Plaintiff gave her control of her child; Plaintiff's son arrived and Defendant CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN told plaintiff to "surrender" and when plaintiff asked "for what" the Defendant CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN pepper sprayed or"MACED" the plaintiff a second time and then completed handcuffing plaintiff.

43. Plaintiff was transported to PSA 6, a Housing Police Station and forced to remain in a filthy jail cell with a clogged toilet which smelled of urine for approximately six (6) hours; plaintiff was forced to share the cell with a "crack-head" drug addict; plaintiff was transported to Central Booking where she was remained incarcerated for an additional two (2) days; plaintiff was arraigned before a Judge of the Criminal Court of the City of New York, County of New York on false charges of Resisting Arrest and Disorderly Conduct under Criminal Court complaint 2011NY045166; plaintiff was released on her own recognizance and due to these charges continued to return to the Criminal Court for numerous court appearances until her case was dismissed in her favor on May 7, 2012 before Judge Boyer in Part A of the Criminal Court of the City of New York, County of New York.

44. As a result of the false arrest and the use of excessive and unlawful force plaintiff was injured.

45. As a result of the false arrest and the use of excessive force plaintiff was seriously injured.

46. Upon plaintiff's release from jail, plaintiff was treated at New York Presbyterian Hospital and Sugar Hill Medical Plaza.

47. Plaintiff suffered injury to her right wrist and left shoulder and lower back as well as injuries due to skin contact with pepper spray/MACE.

48. Plaintiff suffered trauma and pain.

49. Plaintiff suffered emotional trauma from being falsely arrested and subjected to a vicious attack; plaintiff suffered humiliation and embarrassment from all of the foregoing.

50. That the arrest was initiated and continued without probable cause to believe any crime had been committed by the plaintiff, ROSA MENDEZ.

51. Defendants' actions were undertaken pursuant to municipal policies, practices and customs and under color of state law. Indeed, it is a long-standing practice that stop and frisks are made absent sufficient reasonable cause let alone probable cause; it is also a municipal policy, practice and custom to subject persons who are not "Anglo/native English speakers" and white to random stops and searches and seizures in violation of the Constitution; furthermore, persons of Hispanic origin, as plaintiff is, are more likely to be subjected to excessive uses of force. Further, the City of New York has long tolerated acts of excessive use of force against the City's minority population.

52. Moreover, ROSA MENDEZ's right to be free of excessive force without due process of law is clearly established, and reasonable persons employed by defendants are aware, or have reasons to be aware of this.

53. The conduct of individual defendants was outrageous and was done with reckless indifference to protected civil rights, thereby entitling plaintiffs to an award of punitive damages as against the individual defendants.

54. The plaintiff had knowledge of her confinement.

55. The plaintiff did not consent to her confinement.

56. The plaintiff was prevented from leaving the confinement.

57. Plaintiff sustained great fear, emotional harm, disgrace, anxiety, stress, embarrassment and loss of self-esteem as a result of the aforesaid arrest, imprisonment, assault, battery, intimidation and abusive behavior perpetrated upon her by defendants.

**FIRST CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS SECURED BY 42 U.S.C. SECTION 1983 PREDICATED UPON FALSE ARREST AND IMPRISONMENT**

58.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

59.    As a result of the afore-described actions, including the arrest and imprisonment of plaintiff without probable cause, the defendants POLICE OFFICER ROBERT CIEKIELSKI, Shield 09746 and POLICE OFFICER WENDY FLORES-JAY and CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN and POLICE OFFICERS JOHN DOE 1 through 6 and POLICE OFFICER MARY ROE whose true identities are unknown,  individually deprived plaintiff ROSA MENDEZ, of the rights, privileges and immunities secured by the Constitution and laws of the United States and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

10

60.    As a result of the afore-described actions, these defendants individually deprived the plaintiff, ROSA MENDEZ, of the **right to be free from unreasonable search and seizures** secured by the Constitution and laws of the United States and the Fourth and Fourteenth Amendments.

61.    As a result of the afore-described actions, these defendants, individually, deprived plaintiff ROSA MENDEZ, of her **right to liberty without due process of law** secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

62.    The unlawful arrest of the plaintiff violated her rights under the **Equal Protection** Clause of the 14th Amendment to the United States Constitution.

63.    Defendants' actions were undertaken under color of law and would not have existed but for said defendants using their official power.

64.    The supervisors and policy making officers of defendant CITY OF NEW YORK and its Police Department, as a matter of policy, have failed to take steps to terminate the above the above detailed practices and have failed to discipline or otherwise properly supervise the individuals engaged in such practices.

65.    Defendants have failed to properly or effectively train its employees with regard to proper constitutional and statutory limits on the exercise of their authority, and such failure continues to this day.

66.    Defendant, CITY OF NEW YORK, has sanctioned the policy and practices described in the above paragraphs through its deliberate indifference to the effect of said policy upon the constitutional rights of Plaintiff and others similarly situated.

67.     Defendant CITY OF NEW YORK hired and retained in its employ police officers with knowledge that said police officers had vicious propensities and were, therefore, unfit to be police officers.

68.     Defendants CITY OF NEW YORK'S motivations were in contravention of the U.S. Constitution and the Constitution of the State of New York and in violation of the stipulation entered into by the NYPD in the class action lawsuit *Daniels, et. al.* v. *The City of New York, et. al.*, Case No. 99 Civ. 1696 (SAS) in the United States District Court for the Southern District of New York.

69.     The defendants POLICE OFFICER ROBERT CIEKIELSKI, Shield 09746 and CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN and POLICE OFFICER WENDY FLORES-JAY and POLICE OFFICERS JOHN DOE 1 through 6 and POLICE OFFICERS MARY ROE, whose true identities are unknown, were members a team and conspired with each other to engage in the unlawful conduct including the unlawful stop and frisk of plaintiff as well as the unlawful and excessive use of force against the plaintiff.

70.     The defendants POLICE OFFICER ROBERT CIEKIELSKI, Shield 09746 and POLICE OFFICER WENDY FLORES-JAY and CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN and POLICE OFFICERS JOHN DOE 1 through 6 and POLICE OFFICERS MARY ROE whose true identities are unknown, had actual knowledge of the conspiracy to deprive persons at the aforementioned premises of their rights under the Constitution and each neglected and failed to prevent the interference with plaintiff's civil rights.

71.    The afore-described constitutional violations are all actionable under and pursuant
to 42 U.S.C., sections 1981, 1983, 1985 and 1986.

72.    The afore-described acts of the defendants was intentional, willful, malicious and
performed with reckless disregard for and deliberate indifference to plaintiff's rights.

73.    As a result of the foregoing, plaintiff has suffered damages.

**SECOND CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT
UNDER THE FOURTH FIFTH AND FOURTEENTH AMENDMENTS TO
THE UNITED STATES CONSTITUTION PREDICATED UPON EXCESSIVE
FORCE AS SECURED BY 42 U.S.C. SECTION 1983**

74.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation
contained in the preceding paragraphs with the same force and effect as if set forth
more fully herein.

75.    As a result of the afore-described actions, these defendants individually deprived
plaintiff of her **right to be free from cruel and inhuman punishment and to be
free from such conduct that is repugnant and shocking to the conscience;** the
actions of the individual defendants which included twisting her arm and pushing a
finger into her face and using foul and abusive language and using chemical spray or
pepper spray/MACE and punching her and excessively tightening the handcuffs
which were placed upon her and  for an  period of time forced the plaintiff to endure
pain that had no legitimate purpose other than to punish her and to cause her pain and
to suffer.

76.    The afore-described constitutional violations are all actionable under and pursuant
to 42 U.S.C., sections 1981, 1983, 1985 and 1986.

77.   The afore-described acts of the defendants were intentional, willful, and malicious and performed with reckless disregard for and deliberate indifference to plaintiff's rights.

78.   As a result of the foregoing, plaintiff has suffered damages.

## THIRD CAUSE OF ACTION FOR FALSE ARREST AND IMPRISONMENT

79.   Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

80.   As a result of the foregoing, plaintiff was, without just cause or provocation maliciously, recklessly, and/or intentionally arrested and imprisoned without probable cause resulting in an unlawful confinement, deprivation of liberty and other serious injury and harm to plaintiff ROSA MENDEZ.

81.   That at the time and place aforesaid, the named defendants, individually and/or vicariously by and through their agents, servants and/or employees, without just cause or provocation, maliciously, recklessly and/or intentionally caused plaintiff to be arrested and imprisoned without probable cause resulting in unlawful confinement, deprivation of liberty and other serious injury to plaintiff ROSA MENDEZ.

82.   That the occurrence and damages sustained by plaintiff were caused solely by the malicious, reckless, and/or intentional conduct of the defendants, individually and/or vicariously and through their agents, servants and/or employees, without any provocation on the part of plaintiff contributing thereto.

83.   As a result of the foregoing, plaintiff has suffered damage.

## FOURTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION

84.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

85.    On June 20, 2011, defendants did maliciously cause a criminal prosecution to be commenced against Plaintiff, ROSA MENDEZ, by filing an accusatory instrument, without probable cause and in bad faith.

86.    On May 7, 2012, the charges against ROSA MENDEZ were dismissed.

87.    In commencing and continuing said malicious prosecution, defendants caused Plaintiff, ROSA MENDEZ, to be falsely charged with crimes in violation of the Penal Laws of the State of New York.

88.    Plaintiff had not committed any illegal act.

89.    Plaintiff had not given defendants, its agents, servants and/or employees probable cause to believe that she had committed the illegal acts complained of.

90.    Defendants knew or should have known through the exercise of reasonable care and proper police procedure that said investigation was flawed and incomplete.

91.    Defendants, their agents, servants and/or employees willfully and wrongfully accused Plaintiff of having committed crimes in violation of the Penal Laws of the State of New York.

92.    As a result of the malicious prosecution, Plaintiff suffered, and continues to suffer, substantial and permanent damages.

93.    Said malicious prosecution caused plaintiff, ROSA MENDEZ, to suffer severe emotional distress, emotional disturbances, humiliation and damage to her reputation.

## FIFTH  CAUSE OF ACTION FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL HARM

94.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

95.     As a result of the foregoing, defendant CITY OF NEW YORK,  individually and vicariously, by and through their agents, servants and/or employees including members of the New York City Police Department, POLICE OFFICER ROBERT CIEKIELSKI,  Shield 09746 and POLICE OFFICER WENDY FLORES-JAY and CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN and POLICE OFFICERS  JOHN DOE 1 through 6 and POLICE OFFICES MARY ROE , whose true identities are unknown, intentionally, wantonly, recklessly, carelessly and/or negligently engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society thereby inflicting mental and emotional distress upon plaintiff, ROSA MENDEZ.

## SIXTH CAUSE OF ACTION FOR NEGLIGENT TRAINING, SUPERVISION AND RETENTION

96.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

97.     That at all times hereinafter mentioned, the defendant CITY OF NEW YORK by its agents, servants and/or employees carelessly, negligently, and recklessly hired

16

applicants for the position of Police Officer and Captain in the New York Police Department.

98.    Those at all times hereinafter mentioned, the defendant CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently, and recklessly trained applicants for the position of police officer and Captain in the New York Police Department.

99.    That at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of police officer and Captain in the New York Police Department.

100.    That at all times hereinafter mentioned the defendant CITY OF NEW YORK,  by its agents, servants and/or employees caused, permitted and allowed its police officers and Captains to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

101.    That at all times hereinafter mentioned, the defendant CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently and recklessly retained in its employ, police officers clearly unfit for the position who acted in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities prior to the date of the incident complained of herein.

102.    That at the time and place aforesaid, the defendant CITY OF NEW YORK, by its agents, servants and/or employees, without just cause or provocation, maliciously, recklessly and/or intentionally falsely arrested, imprisoned plaintiff without sufficient investigation and without proper training about the necessity of conducting sufficient

investigation prior to engaging in the use of force; causing plaintiff serious personal

harm and damages with knowledge that he had not committed any crime and without

any evidence that she had committed a crime.

103.    That the occurrence and damages sustained by plaintiff, were caused solely by,

and as a result of the malicious, reckless, negligent and/or intentional conduct of the

defendant CITY OF NEW YORK, its agents, servants and/or employees as set forth

above , without any provocation on the part of plaintiff contributing thereto,

specifically, the negligent and reckless manner in which said defendant hired, trained,

supervised, controlled, managed, maintained, inspected and retained its police

officers.

104.    As a result of the foregoing plaintiff has suffered damages.


## SEVENTH  CAUSE OF ACTION FOR PUNITIVE DAMAGES

105.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation

contained in the preceding paragraphs with the same force and effect as if set forth

more fully herein.

106.    That the aforesaid occurrence and resulting injuries to plaintiff was due to the

willful, wanton, reckless and/or malicious conduct of the individual defendants,

POLICE OFFICER ROBERT CIEKIELSKI, Shield 09746 and POLICE OFFICER

WENDY FLORES-JAY and CAPTAIN FIRST NAME UNKNOWN/LAST NAME

UNKNOWN and POLICE OFFICERS JOHN DOE 1 through 6 and POLICE

OFFICES MARY ROE, whose true identities are unknown  .

107.   That the aforesaid occurrence and resulting injuries to plaintiff were due to the conduct of these defendants which reflects an utter indifference to safety and well-being of others and specifically the safety and well-being of plaintiff ROSA MENDEZ.

108.   That the conduct of these individual defendants exhibited a reckless disregard for human life and the safety and well-being of others and more particularly, for the life and safety and well-being of plaintiff ROSA MENDEZ.

## PRAYER FOR RELIEF

102.   WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:

1.   As to the first cause of action, a declaration that plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution were violated predicated upon the unlawful arrest and imprisonment of plaintiff ROSA MENDEZ.

2.   As to the Second Cause of Action, a declaration that plaintiff's rights under the Fourth Fifth and Fourteenth Amendments to the United States Constitution were violated predicated upon excessive force as secured by 42 USC. Section 1983.

(B)   As to the first through the seventh causes of action, compensatory damages.

C)   As to the first through seventh causes of action, punitive damages as against the individually named defendants by reason of the wanton, willful, malicious and/or outrageous character of the conduct complained of herein.

(D) As to the first through seventh causes of action an award to plaintiff of the costs and disbursements herein.

E) As to the first and second causes of action, an award of attorney fees as provided under 42 U.S.C. Section 1988.

And for such other and further relief as this Court may deem just and proper and equitable.

Dated: New York, New York
       March 1, 2013

Respectfully Submitted,
PAUL THOMAS LAYTON, ESQ. (PTL 9242)

30 Vesey Street (Suite 1803)
New York, New York 10007
212-227-1104

20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROSA MENDEZ,

                 Plaintiff,

                -against-

THE CITY OF NEW YORK, and POLICE OFFICER ROBERT
CIEKIELSKI, Shield 09746 in his Individual Capacity and
CAPTAIN FIRST NAME UNKNOWN/LAST NAME UNKNOWN
in his Individual Capacity and POLICE OFFICERS  JOHN DOE 1
through 6 in their individual capacities and POLICE OFFICER WENDY
FLORES-JAY in her individual capacity  and POLICE OFFICER
MARY ROE  in her individual capacity, whose true
identity is unknown,

---

**SUMMONS  AND  COMPLAINT**
**JURY  TRIAL  DEMANDED**

Pursuant to 22 NYCRR 130.1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon informatino and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:         **New York, New York**
                  **March 1, 2013**

                                           PAUL THOMAS LAYTON, ESQ. (9242)

                         **Attorney For Plaintiff(s)**
                  **Office and Post Office Address, Telephone**
                      30 Vesey Street (Suite 1803)
                           NEW YORK, NY  10007
                              212-227-1104

---

To: Service of a copy of the within is hereby admitted.

Dated:............................20......

---

## PLEASE TAKE NOTICE:

☐    **NOTICE OF ENTRY**

that the within is a true copy of an Order duly entered in the office of the clerk of the within named court on Date of entry – October 13, 2011

☐    **NOTICE OF SETTLEMENT**

that an order Type of Order -  of which the within is a true copy will be presented for settlement to the HON. Judge - , one of the judges of the within Court at Court Address - , on Date - , at Time -
Dated,

                                       Yours, etc.,

                                       **PAUL THOMAS LAYTON**